## GOMEZ vs. RAMOS.

**APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.**

Where three individuals composed a partnership in a bakery, and two of them by a written document (before the dissolution of the firm), acknowledged a stated amount due to the third—if this document be transferred by the latter, the transferree cannot plead it in compensation of a debt which he owes to one of the two partners.

The defendant, Gomez, being sued on an account, offered in compensation an obligation, transferred to him by Cajegal, a former partner of the plaintiff.

This document, which was signed by the plaintiff and other partners, certified that Cajegal had a share or interest to the value of $402, in a certain bakery, its utensils and management. The plaintiff had judgment for the amount claimed, and the defendant appealed.

*Martin, J.* delivered the opinion of the court.

The defendant and appellant complains of the judgment, which rejects his plea of compensation.

This plea was grounded on the transfer of a document (to the defendant by Cajegal,) by which it appears that the transferror, the plaintiff, and a third person, being partners in a bakery, the two latter acknowledged they had settled an account with the former, whereby a balance was in his favour, on the close of a period, during which he had carried on the bakery for the partnership, stating that balance, with his interest in the bakery, amounted to four hundred and odd dollars.

Where three individuals composed a partnership and two of them by a written document, before the dissolution of the firm, acknowledged a stated amount due to the third; if this document is transferred by the latter the transferree cannot plead it in compensation of a debt which he owes to one of the two parties.

We think the parish judge did not err—the two partners did not engage to pay that sum to the transferror; it does not appear that the partnership expired or was dissolved, but rather that it continued. The document shows only that, at its date, the transferree was in advance to the partnership, and that his advances and his interest in the partnership amounted to the sum stated.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs in both courts.